

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

March 16, 2012

**BY HAND**

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **United States v. Annabi and Jereis, S1 10 Cr. 007 (CM)**

Dear Judge McMahon:

  The Government respectfully submits this letter in advance of the charge conference this afternoon to raise two issues in connection with the Court's draft charge.

  *1. Official Action Defined*

  The law is well-settled that an "official act" need not be an act specifically required by law of the public official, but need only be in official form and done under color of office. In other words, as long as the official's act is related to his employment, it is an "official act" and it is immaterial that the law imposes no duty on him to act or that he has no direct authority to act. *See, e.g., Vinyard v. United States*, 335 F.2d 176, 182-183 (8th Cir. 1964), *cert. denied*, 379 U.S. 930.

  The Second Circuit addressed this issue in *United States v. Biaggi*, 909 F.2d 662, 684 (2d Cir. 1990), *cert. denied*, 499 U.S. 904 (1991). In *Biaggi*, the Court rejected the defendant's contention that a Congressman's attempts to make introductions and to lobby local City officials (non-legislative officials) did not constitute "official action." Expressly rejecting the arguments that the Government anticipates will be raised here, the Second Circuit stated that "Biaggi's suggestion that a congressman's only 'official acts'... are legislative is untenable." *Id.* at 97. The Court further noted that the phrase "official act" is broad and encompasses "all acts normally thought to constitute a congressman's legitimate use of his office." Accordingly, the Court concluded that Biaggi had engaged in "official acts" when he arranged for meetings with local City officials. *Id.* at 98.

  The Second Circuit consistently has defined what constitutes an "official action" broadly. In *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993), the Court concluded that a

The Honorable Colleen McMahon
March 16, 2012
Page 2

County Executive who contacted a county legislator on behalf of a bribe payer was taking "official action." Defendant Coyne argued that his actions were not "official" because he was not in a position to influence the award of the underlying contracts at issue to the bribe payer, as that authority was vested in the County legislature. Rejecting the defendant's narrow characterization of official action, the Court concluded that by lobbying county legislators, Coyne, a County Executive, had taken official action that related to his office, notwithstanding that his actions reached into another branch of government. *Id.* at 111.

The Court reached a similar result in *United States v. Middelmiss*, 217 F.3d 112 (2d Cir. 2000), where the defendant was the public affairs officer for the Port Authority of New York and New Jersey. Middelmiss argued that his act of recommending to another Port Authority official that a contract be awarded to the bribe payer was not action taken under color of his office. Rejecting this argument the Second Circuit found "an official's lobbying efforts in exchange for payment" were "actions taken under color of official right." *Id.* at 118, (citing *Coyne*). *See also, United States v. Carson*, 464 F.2d 424, 433 (2d Cir. 1972) (congressional aide's attempts to intercede with Executive Branch officials were official acts even though the scope of his job authority did not extend to such intercession); *United States v. Parker*, 133 F.3d 322 (5th Cir. 1998) (The term "official act" encompasses the use of a government computer system to create documents for the benefit of the employee or a third party, even when the employee's scope of authority does not formally encompass the act).

Here, the defendants are charged with engaging in a scheme to make and receive corrupt payments in exchange for favorable official action as specific opportunities arose. The evidence was overwhelming – and in fact conceded – that Jereis repeatedly requested official action and that Annabi complied. Among other things, through cross examination of the Government's witnesses and indeed on Mr. Jereis' direct testimony, the defendant conceded that he had arranged for Sandy Annabi to attend a face-to-face meeting with the Forest City Ratner representatives, while at the same time seeking a financial benefit. This and the testimony of David Medranda that he was required as part of his official duties to provide information about City of Yonkers business to Zehy Jereis generally and in fact did so, clearly constitutes "official action." Accordingly, the jury should be instructed that official action "may include attending meetings" at Jereis's request, provided such action is taken under color of her office. Further, defendants' counsel should be precluded from arguing to the jury that Annabi's actions were not "official" actions.

### 2. *Venue on Counts 10 and 11.*

During cross examination of Walid Farhat, the preparer of Ms. Annabi's 2005 federal income tax return, counsel for Annabi asked Farhat whether he had an office in Westchester County during that time period. The witness stated that he did not, as his office was based in Danbury, Connecticut at the time. Based on these questions, it appears that counsel may argue that there was no venue in the Southern District of New York for this count.

The Honorable Colleen McMahon
March 16, 2012
Page 3

The crime of willfully making or subscribing a false tax return is a "continuing offense" within the meaning of 18 U.S.C. § 3237(a). *See United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990); *United States v. Slutsky*, 487 F.2d 832, 839 (2d Cir. 1973). Thus, venue is proper in a section 7206(1) prosecution in any district in which the false return was prepared and signed, as well as the district in which it was received and filed. *Shyres*, 898 F.2d at 657; *United States v. Rooney*, 866 F.2d 28, 31 (2d Cir. 1989); *United States v. Marrinson*, 832 F.2d 1465, 1475 (7th Cir. 1987); *Slutsky*, 487 F.2d at 839; *United States v. Lawhon*, 499 F.2d 352, 355 (5th Cir. 1974). Thus, because Mr. Farhat testified that he prepared the false return and sent it to Sandy Annabi in this district, venue properly lies here.

The Government thus requests that the Court add the following language to the venue instruction:

> There are special rules for venue on Counts 10 and 11, the tax counts. The crime of subscribing to a false federal income tax return is what is known as a continuing crime. It is begun when the taxpayer provides information and is completed when the return is actually filed. Thus if you find that any part of the conduct related to the preparation, the receipt, the signing, or the filing of the return occurred in this district, then venue properly lies here.

The Government will address the remaining issues at the conference.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Perry Carbone / Jason P.W. Halperin
Assistant United States Attorneys
(914) 993-1945 / 1933

cc: All defense counsel